BENJAMIN PASCHAL O'NEAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22421.   Promulgated February 5, 1930.

*J. C. Murphy, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

## OPINION.

TRAMMELL: The question here presented is whether the amount of additional taxes together with fees for professional services and expenses in connection with the contesting thereof which were paid by the petitioner in 1922 are deductible in determining the petitioner's taxable income for that year. The respondent has denied the deduction on the theory that the loss occurred in 1919 and

should have been deducted in that year, when the corporation was liquidated.

We see no substantial difference in principle between this case and the case of *O. B. Barker et al.*, 3 B. T. A. 1180. In that case the corporation was finally liquidated in 1921 and its assets distributed to the stockholders. In 1923 the stockholders were required to pay additional amounts on account of the corporation taxes for previous years. There we said:

> The payment made by Barker in 1923 on account of the corporate taxes was not an obligation incurred or a loss sustained by him in 1923, but was a repayment by him of corporate assets paid to him to which he had no equitable title. It was in the nature of a repayment of money received under a mistake of fact upon which a trust had been impressed and, to the extent to which the amount received was subject to the trust, was not income. Appeal of *Carey Van Fleet*, 2 B. T. A. 825. The amounts received by him in liquidation of the corporation should be reduced by the amount returned in payment of taxes of the corporation, the amount so returned being set off against the latest distributions received by the taxpayer.

Following the principles set forth in the above case, the amount which the petitioner received in liquidation of the corporation in 1919 should be reduced by the amount of the additional corporation taxes which he was required to pay in 1922. In other words, the loss that he sustained in 1919 was further increased by the additional amount required to be paid in 1922. The payment in 1922 was not an obligation incurred or a loss sustained by the petitioner in that year. The effect of the whole transaction is that the petitioner received the assets of the corporation in 1919, which amount he held in trust for the benefit of creditors, and the additional amount that he was required to pay in 1922 had the effect merely of reducing the amount that he was actually entitled to receive in liquidation in 1919. It is our opinion, therefore, that the petitioner did not suffer a deductible loss in 1922 on account of the additional payment of corporate taxes and interest in that year. However, in 1922, the petitioner actually paid out $404.13 in expenses contesting the tax liability asserted in that year against the corporation. These expenses were actually incurred in defending the petitioner against an asserted liability against him, as he was liable for any additional tax liability of the corporation. In view of this fact, we think that the petitioner is entitled to the deduction in 1922 of the amount of $404.13, the expenses incurred in that year in connection with the matter.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*